# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0538, <u>Rochester Agricultural & Mechanical Association v. City of Rochester</u>, the court on October 31, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Rochester Agricultural & Mechanical Association (RAMA), appeals a decision of the Superior Court (<u>Howard</u>, J.) granting the motion to dismiss filed by the defendant, City of Rochester (City). We reverse and remand.

RAMA's pleadings allege the following facts. RAMA is a non-profit organization with a stated purpose to improve and stimulate agricultural and mechanical skill. In 1879, RAMA purchased a 68-acre parcel in Rochester (the property) on which a fair has been held every year thereafter except "one year during the World War, in 2017 due to financial reasons, and in 2020 due to the pandemic." Although the fair is "conducted during a limited period of time during the year, the . . . Property has been used by and for the benefit of the fair, RAMA's purpose, and for other organizations during the year." Activities that have been conducted on the property include: "circuses, motorcycle and automobile races and shows, Fourth of July celebrations, flea markets, bull riding, motor vehicle crash derbies, organizational outings, antique shows, Easter egg drops, plant sales, and concerts."

This "non-fair use of the property has been essential in meeting RAMA's financial obligations" because the fair's proceeds do not cover its expenses. Moreover, such non-fair, "'special events' [use] has been consistent, continuous and uninterrupted for as many years as the directors, shareholders and citizens of Rochester can recall."

Beginning in 2021, the City denied RAMA event permits for events that had been conducted on the property in the past, including "a monster truck show, rally cross, and a Christmas light show." One such permit, for which RAMA applied in December 2021, was for a motor vehicle event called Twisted Metal, which RAMA had previously hosted in 2019, 2020, and 2021.

The City's zoning administrator denied the permit in January 2022, stating that "this use is not part of the Annual Fair that this property is grandfathered for. This is an expansion of use and is not permitted." RAMA appealed that decision to the ZBA, which denied the appeal, stating, "The

allowed use on the property is grandfathered non-conforming fairground which may not be expanded, enlarged, extended, or intensified without the appropriate land use board approval." RAMA filed a motion for rehearing, which the ZBA denied on April 13, 2022.

Thereafter, RAMA filed this declaratory judgment action in superior court. See RSA 491:22 (Supp. 2022). In addition to the foregoing allegations, RAMA alleged that it has "vested rights to continue the non-fair activities which have been conducted with the City's knowledge and approval for well over 50 years and the City's sudden reversal of its approval is a violation of established constitutional, statutory and common law." It further alleged that this "sudden reversal . . . and resulting deprivation of necessary income is due in part to the failure of discussions in which the City sought to acquire RAMA's property at a discounted price." RAMA sought a declaration that it "has vested rights to continue to hold non-fair events on its property similar to those events conducted in the past" and an injunction prohibiting the City "from denying permits for non-fair events that are similar to past non-fair events."

The City moved to dismiss, arguing that the superior court lacked subject matter jurisdiction because RAMA "failed to properly file an appeal under RSA 677:4 within 30 days" of the ZBA's denial of the motion for rehearing on the Twisted Metal permit decision. The trial court granted the motion, ruling that "RAMA cannot pursue its claims under RSA 491:22 for failure to exhaust available remedies under RSA 677:4." This appeal followed.

"Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted." Stergiou v. City of Dover, 175 N.H. 315, 317 (2022) (quotation omitted). "In making this determination, the court would normally accept all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff." Id. (quotation omitted). "When, however, the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Id. at 317-18 (quotation omitted). "An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the claim is one such defense. We will uphold a trial court's ruling in such a case unless its decision is not supported by the evidence or is legally erroneous." Id. at 318 (quotation and ellipsis omitted).

RAMA argues that the trial court "erroneously and narrowly construed . . . [RAMA's declaratory judgment action] to be a simple appeal of a ZBA denial of one license," while RAMA's pleadings actually allege "much broader facts" and request much broader relief. We agree. As detailed above, RAMA's pleadings allege that RAMA has "vested rights to continue [its] non-fair

activities" which, reasonably construed, refers to all such activities, not just Twisted Metal. Citing denials of permits for other events in addition to Twisted Metal, the pleadings allege a sudden reversal in the City's treatment of RAMA's non-fair activities in general and intimate that this abrupt change of course was motivated by the collapse in negotiations for the City's purchase of the property. Thus, as RAMA correctly asserts, this action "is not an RSA 677:4 appeal" but, rather, is a claim "for equitable relief from the City's concerted interference, since the breakdown in talks over the sale of RAMA's land to the City, with RAMA's vested rights and unconstitutional limiting of . . . RAMA's vested uses to just the fair."

Reversed and remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**